IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| AARON L. BELL | : | CIVIL ACTION |
|---|---|---|
| v. | : | No. 13-5533 |
| UNITED STATES OF AMERICA, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                 **October 24, 2013**

Plaintiff Aaron L. Bell brings this pro se civil action against the United States of America, the Commonwealth of Pennsylvania, and the City of Philadelphia. Bell alleges he was improperly convicted of a felony in state court and, as a convicted felon, he is prohibited from possessing a firearm and body armor in violation of his constitutional rights. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant Bell leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

**I.   FACTS**

In 2003, Bell was convicted of robbery and conspiracy in the Philadelphia Court of Common Pleas, and sentenced to a term of five to ten years of imprisonment. Documents attached to the complaint reflect that Bell and another man entered a Kentucky Fried Chicken where Bell had worked, pointed guns at the employees, and demanded money from the store safe. Bell claims that his convictions were based on judicial misconduct, prosecutorial misconduct, and errors at trial, including errors stemming from counsel's ineffectiveness. He filed a petition for post-conviction relief in state court and a petition for a writ of habeas corpus in federal court, both of which were denied. According to Bell, the judges who resolved those petitions were corrupt and incorrectly denied him relief. In the federal proceeding, Bell also unsuccessfully sought a certificate of appealability from the Third Circuit and filed for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

In April 2012, Bell finished serving his sentence in its entirety. He seeks to obtain a firearm and/or body armor due to several recent incidents in his neighborhood that have made him feel unsafe, but he cannot do so without running afoul of federal and state statutes that criminalize the

possession of those items by convicted felons. *See* 18 U.S.C. §§ 922(g)(1) & 931; 18 Pa. Cons. Stat. §§ 6105 & 6106. In this action, Bell challenges the constitutionality of those statutes pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Specifically, he asserts challenges under the Second Amendment, Eighth Amendment, Ninth Amendment, Tenth Amendment, and the Due Process Clauses of the Fifth and Fourteenth Amendments; he also claims that the statutes constitute unconstitutional bills of attainder.[1] He also attacks the constitutionality of his state convictions pursuant to the All Writs Act, 28 U.S.C. § 1651.

## II. STANDARD OF REVIEW

As Bell has satisfied the criteria set forth in 28 U.S.C. § 1915, he is granted leave to proceed in forma pauperis. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies and requires the Court to dismiss the complaint if, among other things, it is frivolous or fails to state a claim.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

---

[1] In light of Bell's allegations that he seeks to obtain firearms and body armor, but cannot possess those items for fear of prosecution, he has standing to raise his constitutional claims. *See Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) ("When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief." (citation and internal quotation marks omitted)); *Wilson v. United States*, Civ. A. No. 05-238, 2006 WL 519393 (M.D. Tenn. Feb. 28, 2006) (plaintiff, a convicted felon, who expressed desire to purchase firearm had standing to challenge § 922(g)).

## III. DISCUSSION

### A. Constitutional Challenges to § 922(g)(1)

Bell asserts that 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by individuals who have been convicted of "a crime punishable by imprisonment for a term exceeding one year," violates his Second Amendment rights.[2] The Third Circuit has held § 922(g)(1) is constitutional on its face. *United States v. Barton*, 633 F.3d 168, 170 (3d Cir. 2011); *see also District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons...."). However, a plaintiff could still succeed on an "as applied" challenge to the statute if he "present[s] facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections." *Barton*, 633 F.3d at 174.

From a historical perspective, "the common law right to keep and bear arms did not extend to those who were likely to commit violent offenses." *Id.* at 173. In that regard, individuals who have committed violent felonies have traditionally been excluded from the right to bear arms. *Id.* at 173-74. Here, Bell was convicted of a violent felony committed with the use of a firearm, and only recently finished serving his sentence for that conviction. Accordingly, his as-applied challenge fails because the "traditional justifications underlying the statute support a finding of permanent disability in [his] case." *Id.* at 173; *see also United States v. Williams*, 616 F.3d 685, 693 (7th Cir. 2010) ("The fact that Williams was convicted of a violent felony defeats any claim he has that § 922(g)(1) is not substantially related to preventing him from committing further violence.").

Bell also alleges § 922(g)(1) violates his rights under the Due Process Clause of the Fifth Amendment. First, he asserts substantive due process claims under a "special relationship" theory and a "state-created danger" theory based on his allegations that, as a result of the government's restriction on his ability to possess a firearm and its corresponding failure to provide him police

---

[2] As Bell was convicted of such a crime, *see* 18 Pa. Cons. Stat. § 3701, he is prohibited by the statute from possessing a firearm.

3

protection, he is defenseless against local criminals who have put him in fear of his life.

Bell's "special relationship" theory fails because, to prevail on such a claim, a plaintiff generally must establish some form of "custodial relationship." *Sanford v. Stiles*, 456 F.3d 298, 304 n.4 (3d Cir. 2006); *see also Morrow v. Balaski*, 719 F.3d 160, 167 (3d Cir. 2013) (en banc) (holding the special relationship exception "applies when a special relationship has been established because the State takes a person into its custody and holds him there against his will" (citation and internal quotation marks omitted)). Nor can Bell prevail on a "state-created danger" theory. Notably, it is Bell's own actions (i.e., those leading to his conviction), that rendered him ineligible to possess a firearm. Furthermore, the government's failure to provide Bell with police protection can hardly be characterized as an "affirmative act" that creates a danger for Bell. *See Morrow*, 719 F.3d at 178-79. In any event, any action by the government is not a fairly direct cause of any harm that has befallen Bell at the hands of third parties. *See Henry v. City of Erie*, 728 F.3d 275, 285 (3d Cir. 2013) ("To fulfill the fairly direct requirement of the state-created danger claim, the plaintiff must plausibly allege that state officials' actions precipitated or were the catalyst for the harm for which the plaintiff brings suit." (alteration, citation, and internal quotation marks omitted)).

Bell also argues § 922(g)(1) violates the Due Process Clause because it deprives him of the ability to possess a firearm without providing him a hearing to determine his "future dangerousness." Compl. ¶ 120. "The plain language of [§ 922(g)(1)] makes clear Congress' decision to bar *all* convicted felons (not merely those with violent tendencies or who otherwise present an ongoing danger to society) from possessing firearms."[3] *Black v. Snow*, 272 F. Supp. 2d 21, 34 (D.D.C. 2003), *aff'd*, *Black v. Ashcroft*, 110 F. App'x 130 (D.C. Cir. 2004) (per curiam). As a result, "due process does not entitle [a felon] to a hearing to determine whether he is currently dangerous because the results of such a hearing would have no bearing on whether he is subject to the disability imposed

---

[3] That decision was certainly a permissible one, as "[i]t is well-established that felons are more likely to commit violent crimes than are other law-abiding citizens." *Barton*, 633 F.3d at 175; *see also United States v. Everist*, 368 F.3d 517, 519 (5th Cir. 2004) ("[A] felon has shown manifest disregard for the rights of others. He may not justly complain of the limitation on his liberty when his possession of firearms would otherwise threaten the security of his fellow citizens.").

4

by § 922(g)(1)." *Id.* at 35; *see also Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) ("[D]ue process does not require the opportunity to prove a fact that is not material to the State's statutory scheme"). Accordingly, Bell's procedural due process claim fails.

Bell's challenges to § 922(g)(1) based on the Eighth Amendment, the Ninth Amendment, and the Tenth Amendment are also meritless. Bell suggests § 922(g)(1) violates his Eighth Amendment rights because his inability to possess a firearm "sentence[s]" him to "disfigurement and death by third-party actor violence." Compl. ¶ 121. Of course, Bell has been sentenced to no such thing. In any event, courts have rejected Eighth Amendment challenges to § 922(g)(1). *See United States v. Jester*, 139 F.3d 1168, 1170 (7th Cir. 1998); *see also United States v. Lewis*, 236 F.3d 948, 950 (8th Cir. 2001). Bell's Ninth Amendment challenge lacks legal merit because the Ninth Amendment does not establish an individual right to bear arms. *See United States v. Baer*, 235 F.3d 561, 564 (10th Cir. 2000); *Ross v. Fed. Bureau of Alcohol, Tobacco, and Firearms*, 807 F. Supp. 2d 362, 372 (D. Md. 2011); *see also Perry v. Lackawanna Cnty. Children & Youth Servs.*, 345 F. App'x 723, 726 (3d Cir. 2009) (per curiam) ("[T]he Ninth Amendment does not independently provide a source of individual constitutional rights."). Furthermore, as § 922(g)(1) is a valid exercise of Congress's power under the Commerce Clause, *United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996), the provision does not violate the Tenth Amendment. *See United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003); *see also United States v. Parker*, 108 F.3d 28, 31 (3d Cir. 1997) ("If Congress acts under one of its enumerated powers—here its power under the Commerce Clause—there can be no violation of the Tenth Amendment." (citation omitted)).

The Court also rejects Bell's final challenge to § 922(g)(1) on the basis that it violates the constitutional prohibition on bills of attainder. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977). Section 922(g)(1) is not an impermissible bill of attainder because it "is reasonably calculated to achieve a

5

nonpunitive public purpose, i.e., to keep firearms out of the hands of persons who may have a somewhat greater likelihood than other citizens to misuse firearms." *Freeze v. Obama*, Civ. A. No. 11-1098, 2011 WL 2446596, at *1 (D.D.C. June 15, 2011) (alteration, citation, and internal quotation marks omitted); *cf. Nat'l Ass'n of Gov't Emps., Inc. v. Barrett*, 968 F. Supp. 1564, 1576-77 (N.D. Ga. 1997), *aff'd, Hiley v. Barrett*, 155 F.3d 1276 (11th Cir. 1998). In any event, Bell is subject to the prohibitions against possessing firearms *because* he has had a judicial trial at which he was found guilty of robbery and conspiracy. *See Artway v. Att'y Gen. of State of N.J.*, 81 F.3d 1235, 1253 n.15 (3d Cir. 1996) (questioning plaintiff's argument that the registration provisions of Megan's Law constituted a bill of attainder that inflicts punishment without trial when he "had a trial, at which he was convicted of the crime triggering registration").

In sum, the complaint does not support any of Bell's constitutional challenges to § 922(g)(1). Accordingly, the Court will dismiss those claims.

### B. Constitutional Challenges to 18 U.S.C. § 931

Section 931 prohibits a person who has been convicted of a felony that is a "crime of violence" from purchasing, owning, or possessing body armor. Bell, who was convicted of a crime of violence within the meaning of the statute, *see* 18 U.S.C. § 16, challenges the constitutionality of § 931 on the same grounds he challenged § 922(g)(1).

Taking Bell's Second Amendment challenge first, the Second Amendment protects the right of individuals to use arms in self-defense and "extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *Heller*, 554 U.S. at 581. It is not clear whether body armor constitutes "arms" as used in the Second Amendment. *Compare id.* (citing historical sources defining arms as including "armour of defence"), *with United States v. Davis*, 906 F. Supp. 2d 545, 557 n.6 (S.D. W. Va. 2012) (holding that, despite the definitions cited in *Heller*, "the assertion that [the Second Amendment] right extends to body armor is, at best, a novel reach and, at worst, a potential diminution of the cherished right itself"). However, even assuming body armor falls within the protections afforded by the Second

6

Amendment, it is appropriate for Congress to prohibit convicted felons such as Bell from possessing "arms" for the reasons discussed above. *See United States v. Smith*, Crim. A. No. 09-20070, 2009 WL 3241992, at *1 (E.D. Mich. Oct. 8, 2009) (holding § 931 does not violate the Second Amendment); *see also Barton*, 633 F.3d at 175 ("[W]e find persuasive the Ninth Circuit's conclusion that felons are categorically different from the individuals who have a fundamental right to bear arms." (citation and internal quotation marks omitted)); *United States v. Alderman*, 565 F.3d 641, 644 (9th Cir. 2009) ("[A]s with guns and domestic strife, Congress determined that felons and body armor are a potentially deadly combination nationwide." (citation and internal quotation marks omitted)).

Bell's Tenth Amendment challenge also fails. For purposes of § 931, the term "body armor" is defined as "any product sold or offered for sale, in interstate or foreign commerce, as personal protective body covering intended to protect against gunfire, regardless of whether the product is to be worn alone or is sold as a complement to another product or garment." 18 U.S.C. § 921(a)(35). The Third Circuit has held that similar language in § 922(g)(1) created a "jurisdictional element" rendering § 922(g)(1) valid under the Commerce Clause. *See Singletary*, 268 F.3d at 205; *Gateward*, 84 F.3d at 672. As there is no meaningful distinction between the jurisdictional language in § 922(g)(1) and that of § 931, § 931 is a valid exercise of Congress's Commerce Clause power, and Bell's Tenth Amendment challenge is meritless. *See United States v. Cook*, 488 F. App'x 643, 645-46 (3d Cir. 2012) (citing *Alderman*, 565 F.3d at 648, and *United States v. Patton*, 451 F.3d 615, 635 (10th Cir. 2006)). Bell's remaining challenges to § 931 based on the Due Process Clause, Eighth Amendment, Ninth Amendment, and the constitutional prohibition against bills of attainder fail for the same reasons Bell's challenges to § 922(g)(1) fail.

### C. Constitutional Challenges to 18 Pa. Cons. Stat. §§ 6105 & 6106

In addition to the above federal statutes, Bell challenges two state statutes, 18 Pa. Cons. Stat. §§ 6105 & 6106. Section 6105, which is Pennsylvania's analog to § 922(g)(1), prohibits a person who has been convicted of certain offenses, including robbery, from possessing a firearm. 18 Pa.

7

Cons. Stat. § 6105(a) & (b). Section 6106 prohibits a person from carrying a firearm in a vehicle or in a concealed manner on his person "except in his place of abode or fixed place of business, without a valid and lawfully issued license." 18 Pa. Cons. Stat. § 6106(a)(1). Bell's conviction of a crime of violence renders him ineligible for such a license. *See id.* § 6109(e)(1)(iii).

Bell alleges §§ 6105 & 6016 violate the Second Amendment, the Due Process Clause of the Fourteenth Amendment, the Eighth Amendment, the Ninth Amendment, and the constitutional prohibition against bills of attainder. Those challenges fail for the same reasons that Bell's challenges to the federal statutes failed.

### D. Claims Based on the All Writs Act

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (citation omitted). Here, Bell appears to be seeking a writ of coram nobis, which has been used to attack allegedly invalid convictions that have continuing consequences for a petitioner who is no longer in custody. *See Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam). However, the writ of coram nobis "is not available in a federal court as a means of attack on a state criminal judgment." *Id.* Accordingly, Bell's challenge under the All Writs Act fails.[4]

### IV. CONCLUSION

For the foregoing reasons, Bell's complaint is dismissed. Although a district court should generally provide a pro se plaintiff with leave to amend, the Court will not do so in this case because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

BY THE COURT:

Juan R. Sanchez, J.

---

[4] Notably, Bell has already had an opportunity to challenge his convictions in federal court pursuant to the habeas statute, 28 U.S.C. § 2254.

8